**Antonio Lorenzo Vidal CRUZ; Luisa Genis Beltran, aka Louisa Henes Veltran, Petitioners,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 06–72115.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.**

Filed Dec. 28, 2007.

Sung U. Park, Esq., Law Offices of Sung U. Park, Los Angeles, CA, for Petitioners.

Antonio Lorenzo Vidal Cruz, Phoenix, AZ, pro se.

Luisa Genis Beltran, Phoenix, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Kathryn

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Moore, Esq., U.S. Department of Justice, Civil Division, Washington, D.C., for Respondents.

Before GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

### MEMORANDUM ***

Antonio Lorenzo Vidal Cruz and his wife Luisa Genis Beltran seek review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's order denying their applications for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), and we review for abuse of discretion the denial of a motion to reopen, *see Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003); *see also Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 382 (9th Cir.2003) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same."). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Petitioners' contention that the agency violated their due process rights by disregarding their evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim.

*See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The BIA treated petitioners' submission of new evidence on appeal as if they had filed a motion to remand. The BIA did not abuse its discretion by denying petitioners' motion to remand, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.").

We are not persuaded that petitioners' removal results in the deprivation of their children's rights. *See Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1012–13 (9th Cir. 2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.